Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Daniel G. Shay, Esq. (SBN:250548)
danielshay@SanDiegoBankruptcyNow.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

Additional Attorneys for Plaintiff
on Signature Page

*Attorneys for Plaintiff,*
Russel Smith

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUSSEL SMITH, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>Citibank, N.A.,<br><br>Defendant. | **Case No:** '16CV3007 AJB JLB<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br>**1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 ET SEQ.**<br>**2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 ET SEQ.**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Russel Smith, ("Plaintiff"), through Plaintiff's attorneys, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Citibank, N.A. ("Defendant"), in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephones and leaving Plaintiff pre-recorded and artificial messages, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff allege as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

8. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

9. Plaintiff reside in San Diego County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

10. Defendant regularly attempts to collect alleged debts against consumers in San Diego County by making phone calls to consumers, as Defendant did to Plaintiff as well.
11. Defendant made unwanted calls to Plaintiff where it had no permission to do so, and therefore failed to comply with federal laws.
12. Because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff reside in City and County of San Diego, venue is proper pursuant to 28 U.S.C. § 1391b(2).
13. At all times relevant, Defendant conducted business within the State of California.
14. Because Defendant's continuously and systematically conducts business in the State of California, personal jurisdiction is established.

## PARTIES

15. Plaintiff, Russel Smith ("Plaintiff" or "Smith") is also a resident in the City of San Diego, State of California.
16. Plaintiff is, and at all times mentioned herein was, "persons" as defined by 47 U.S.C. § 153 (39).
17. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a national bank with principal place of business is in the City of Sioux Falls, State of South Dakota.
18. Defendant, is and at all times mentioned herein was, a national association, and is a "person," as defined by 47 U.S.C. § 153 (39).

## FACTUAL ALLEGATIONS

### SMITH V. CITIBANK

19. Sometime prior to October 7, 2015, Smith began receiving telephone calls from Defendant on his cellular telephone ending with "5440" via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. §

HYDE & SWIGART
Consumer Protection Attorneys

227(a)(1), using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

20. Defendant's phone calls referenced Smith's Best Buy closed credit card account.

21. Smith's only Best Buy credit card was closed sometime in September, 2015.

22. At all material times hereto, Smith did not consent to Defendant's telephone calls on his cell phone.

23. On October 7, 2015, at 1:03 pm, the Law Office of Daniel Shay ("Shay") faxed and mailed a cease and desist letter to Defendant informing Citibank of the following:

> [Smith] hereby revokes any prior express consent that may have been given to receive telephone calls, expressively to [Smith's] cellular telephone, from an Automated Telephone Dialing System or an artificial or pre-recorded voice, as outlined in the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*."

24. Despite Shay's faxed cease and desist correspondence, on October 7, 2015 at 1:03 pm, Citibank called on Smith's cellular phone with a robotic pre-recorded and artificial message on October 7, 2015, at 6:41 pm, after listening to which, Smith, was transferred to a representative.

25. Furthermore, despite Shay's cease and desist correspondence, on October 7, 2015, on October 8, 2015, at 1:30 pm, Citibank called on Smith's cellular phone with a robotic pre-recorded and artificial message, after listening to which, Smith, after a pause was transferred to a representative.

26. On October 12, 2015, Defendant sent a letter to Shay acknowledging receipt of Shay's cease and desist correspondence.

27. Defendant's telephone calls on Smith's cellular telephone were made via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

HYDE & SWIGART
Consumer Protection Attorneys

28. The calls from Defendant came from phone numbers including, but not limited to, (877)-561-2272.

29. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

30. Upon information and belief, Smith had never given Defendant his consent to receive calls on his cellular phone, pursuant to 47 U.S.C. §§ 227 (b)(1)(A).

31. Subsequent to Shay's cease and desist letter on October 7, 2015, Smith did not provide Defendant with his "prior express consent" to receive calls on his cellular phone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

32. Smith did not provide "prior express consent" to Defendant to place telephone calls to Plaintiff's cellular telephone with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

33. Smith revoked any consent (if it was ever given or Defendant mistakenly believed existed) through Shay's cease and desist correspondence on October 7, 2015.

34. Through this action, Smith suffered an invasion of his legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

35. Smith was personally affected because he was frustrated and distressed that despite his telling Defendant to stop calling his on his cell phone, Defendant continued to harass Smith with calls using an ATDS.

36. Defendant's calls forced Smith to live without the utility of Plaintiff's cell phone by forcing him to silence his cell phone and/or block incoming numbers.

37. Smith is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

38. Smith's telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

39. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

40. These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

41. Through Defendant's aformentioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

42. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that, Defendant interrupted Plaintiff with unwanted calls using an ATDS.

43. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

## Causes of Action

## Class Action Allegations

44. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated (the "Class"). The proposed Class that Plaintiff seeks to represent are defined as follows:

> All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message within the four years prior to the filing of this Complaint.

45. Plaintiff represents, and is a member of, the Class, because Plaintiff received telephone calls from Defendant to Plaintiff's cellular telephone using a

HYDE & SWIGART
Consumer Protection Attorneys

prerecorded voice, some or all of which Plaintiff was billed for receiving such calls.

46. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

47. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways:

- Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendant, either directly or through its agents, illegally contacting Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

48. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

49. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records.

HYDE & SWIGART
Consumer Protection Attorneys

HYDE & SWIGART
Consumer Protection Attorneys

50. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

- Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.
- Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violation; and
- Whether Defendant should be enjoined from engaging in such conduct in the future.

51. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express prior consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

52. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

53. Plaintiff have retained counsel experienced in handling class action claims and claims involving consumer actions and violations of the Telephone Consumer Protection Act.

54. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

55. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227

56. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

58. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

HYDE & SWIGART
Consumer Protection Attorneys

## COUNT II

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

## 47 U.S.C. § 227

60. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

62. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## Prayer For Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- That the action regarding each violation of the TCPA be certified as a class action on behalf of the Class and requested herein;
- That Plaintiff be appointed as representatives of the Class;
- That Plaintiff's counsel be appointed as counsel for the Class;
- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) for each plaintiff and putative class member;
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- any and all other relief that this Court deems just and proper;

72. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

Date: December 12, 2016

By: s/Joshua Swigart
Joshua B. Swigart, Esq.
josh@westcoastlitigation.com
Attorneys for Plaintiff

Additional Attorneys for Plaintiff:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fisher Avenue, Unite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

HYDE & SWIGART
Consumer Protection Attorneys